**IN THE COURT OF APPEALS OF TENNESSEE**
**WESTERN SECTION AT JACKSON**

| | | |
|---|---|---|
| **MILAM CONSTRUCTION, CO., INC.,** | ) | From the Chancery Court |
| | ) | for Henderson County, Tennessee |
| **Plaintiff/Appellee,** | ) | The Honorable Joe C. Morris, Chancellor |
| vs. | ) | |
| | ) | Henderson Chancery No. 8936 |
| **MICHAEL B. JOHNSON, SR., and** | ) | Appeal No. 02A01-9608-CH-00185 |
| **Wife, DAPHNE S. JOHNSON,** | ) | |
| | ) | **AFFIRMED** |
| **Defendants/Appellants.** | ) | |
| | ) | Frankie K. Stanfill |
| | ) | Lexington, Tennessee |
| | ) | Attorney for Defendants/Appellants |
| | ) | |
| | ) | Bill R. Martin |
| | ) | Lexington, Tennessee |
| | ) | Attorney for Plaintiff/Appellee |

**FILED**

September 18, 1997

**Cecil Crowson, Jr.**
Appellate Court Clerk

---

**RULE 10 ORDER**

---

This matter appears appropriate for consideration pursuant to Rule 10(a) of the Rules of the Court of Appeals of Tennessee.[1]

In this case, Appellant Michael B. Johnson ("Johnson")[2] and Appellee Milam Construction Company ("Milam Construction") entered into a written contract for the construction of a home, for a contract price of $75,500. Johnson deposited $500 into escrow. During construction, Johnson approached Jerry Milam ("Milam"), President of Milam Construction Company, with a request for additional work, which Milam estimated could be done for $6,000. Milam and Johnson orally agreed for Milam Construction to do this additional work. Subsequently, Johnson requested Milam Construction to perform other additional work. The cost of all of the additional work totaled $16,347.70.

At the time of the closing on the house, $40,000 had been paid on the contract. Milam Construction was not represented at the closing. Johnson then sent Milam Construction a check for

---

[1] Rule 10 (Rules of the Court of Appeals of Tennessee).
(a) **Affirmance Without Opinion.** The Court, with the concurrence of all judges participating in the case, may affirm the action of the trial court by order without rendering a formal opinion when an opinion would have no precedential value and one or more of the following circumstances exist and are dispositive of the appeal:
    (1) the Court concurs in the facts as found or as found by necessary implication by the trial court.
    (2) there is material evidence to support the verdict of the jury.
    (3) no reversible error of law appears.
    Such cases may be affirmed as follows: "Affirmed in accordance with Court of Appeals Rule 10(a)."

[2] Johnson's wife, Daphne Johnson, is also an appellant in this case.

$35,000. Milam Construction refused the $35,000 check because it did not include the charges for the additional work; Milam Construction did not want acceptance of the check to be deemed an acceptance of it as complete and final payment. Johnson later paid Milam Construction $23,394.52, leaving an unpaid balance, according to Milam Construction, of $28,453.18.

Milam Construction sued for quantum meruit, and Johnson filed a counterclaim, alleging damages arising from numerous construction defects. At the bench trial, Johnson presented evidence that these defects would cost $29,700 to remedy. Milam Construction presented evidence that it had corrected the problems of which Johnson complained. Milam also testified that, while the construction was in progress, Johnson had inspected the work almost daily. Milam Construction asserted that Johnson did not complain about the quality of the construction until he was given the bill for the extra work performed. Milam Construction introduced into evidence an itemized list of the additional charges over and above the contract price. After the trial, the trial court entered a cursory order awarding Milam Construction a judgment for the sum of $28,453.18, on the basis of quantum meruit. Johnson's counterclaim for the cost of correcting the alleged defects was dismissed. Johnson now appeals this order.

On appeal, Johnson argues that the trial court erred by awarding Milam Construction quantum meruit damages without an off-set for correcting the alleged construction defects.

Our review of this case is *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Absent error of law, the trial court's decision will be affirmed, unless the evidence preponderates against the factual findings. Tenn. R. App. P. 13(d).

From our examination of the record, we concur in the facts as found by necessary implication by the trial court, and we find no reversible error of law.

Therefore, the decision of the trial court is affirmed in accordance with Court of Appeals Rule 10(a). Costs are assessed against the Appellants, for which execution may issue if necessary.


_____
                                                              HOLLY KIRBY LILLARD, J.
_____


**CONCUR:**


_____
**W. FRANK CRAWFORD, P.J., W.S.**


_____
**ALAN E. HIGHERS, J.**